AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>CESAR ONELIO ARGUETA-DEL VALLE,<br>   aka "Arbey De Jesus Luna-Lopez,"<br><br>                Defendant. | )<br>)<br>)  Case No. 5:25-mj-37 (TWD)<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of February 1, 2025, in the county of Jefferson, in the Northern District of New York the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Sections 1326(a) and (b)(1) | Illegal reentry of alien after a felony conviction |

This criminal complaint is based on these facts:
See attached affidavit.

☒   Continued on the attached sheet.

_____
*Complainant's signature*
Michael G. Donnell, Deportation Officer, ICE
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: 2/13/2025

_____
*Judge's signature*

City and State:   Syracuse, NY

Hon. Thérèse Wiley Dancks, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Michael Gage Donnell, being duly sworn, deposes and says that:

1.  I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE). I have been so employed since February 2022.

2.  As part of my duties at ICE, I have investigated violations of the Immigration and Nationality Act and other violations of the Unites States Code, including violations of Title 8, United States Code, Section 1326(a) regarding the re-entry of previously deported or removed aliens.

3.  I make this affidavit in support of a criminal complaint charging Cesar Onelio ARGUETA-DEL VALLE, aka "Arbey De Jesus Luna-Lopez," with violating Title 8, United States Code, Sections 1326(a) and (b)(1) regarding the re-entry of a previously deported or removed alien whose deportation was subsequent to a conviction for commission a felony (other than an aggravated felony).

4.  The statements in this affidavit are based upon my own knowledge, my review of ICE's official records, and upon information that I obtained from other law enforcement officers involved with this investigation. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only facts that I believe are necessary to establish probable cause for the violation stated above.

5.  On or about December 7th, 2023, officers of US Customs and Border Protection (CBP) at Syracuse Hancock International Airport intercepted a package which was flagged for routine inspection of parcels in their commercial shipping center. The officers reported that according to the shipping information and based on their training and experience, an individual

in Guatemala had shipped this package addressed to the attention of ARGUETA-DEL VALLE at an address in Adams, New York ("the Adams Address"). CBP examined the parcel, which contained a Guatemalan passport for ARGUETA-DEL VALLE. Based on my training and experience, I know that individuals who have entered the United States without permission or inspection often leave official travel documents such as passports behind in their country of citizenship. These individuals understand that if they are apprehended while in possession of such a travel document, their deportation would be expedited. Accordingly, once these individuals establish a domestic mailing address in the United States, they ask someone to send the document for future identification and application purposes. CBP reported the discovery to ICE.

6. A check of immigration records showed that on or about April 15, 2010, an individual was encountered by the United States Border Patrol near Sasabe, Arizona, while attempting to enter the United States without inspection. During the encounter, the individual stated his name as Arbey De Jesus LUNA-LOPEZ.[1] At that time, he attested, in sum and substance, that (i) he was a citizen of Guatemala; (ii) he had not applied for or received any US immigration documents allowing him to be in the United States; and (iii) that he intended to stay in the United States as long as possible. Agents obtained the individual's fingerprints and entered them into DHS's Automated Biometric Identification System (IDENT).[2] An IDENT query indicated that this was the first incident in which this individual's fingerprints were collected and entered into the database. On or about April 23, 2010, the individual using

---

[1] As described below, law enforcement subsequently determined that LUNA-LOPEZ was in fact ARGUETA-DEL VALLE.

[2] IDENT is a DHS database for storage and processing of biometric and associated biographic information, including fingerprint records.

2

the name LUNA-LOPEZ was removed from the United States administratively via expedited removal by plane from Arizona.

7. On or about July 21, 2019, agents with the United States Border Patrol encountered ARGUETA-DEL VALLE near the Hidalgo, Texas, port of entry. ARGUETA-DEL VALLE voluntarily provided Border Patrol Agents with his sworn statement recorded on an I-215B Record of Sworn Statement Affidavit. In that statement, he stated that his true and correct name was Cesar Onelio ARGUETA-DEL VALLE, and that he is a citizen and national of Guatemala. Agents obtained ARGUETA-DEL VALLE's biometric information, including fingerprints, and queried those fingerprints in IDENT. The query returned a positive biometric match to those fingerprints associated with Arbey De Jesus LUNA-LOPEZ. ARGUETA-DEL VALLE was later charged and pleaded guilty to one count of illegal reentry in the United States District Court for the Southern District of Texas, case number 2:19-CR-1172. He was sentenced to 59 days' time served and was subsequently removed from the United States on or about October 8, 2019.

8. On or about February 1, 2025, ICE deportation officers went to the Adams Address in an attempt to locate ARGUETA-DEL VALLE to execute an administrative immigration arrest warrant. Officers met with the property owner and showed him the administrative immigration warrant for ARGUETA-DEL VALLE's arrest. The property owner agreed to show the officers around the property to find ARGUETA-DEL VALLE. The property owner and officers ultimately located ARGUETA-DEL VALLE in a makeshift room in a barn loft; it appeared that he was attempting to conceal himself from their view.

9. ARGUETA-DEL VALLE was apprehended and advised of his *Miranda* rights in writing, in both Spanish and English, and agreed to answer questions. During that interview,

ARGUETA-DEL VALLE acknowledged that he was present in the United States illegally and without permission or inspection by any government authority. ARGUETA-DEL VALLE stated in sum and substance that he used another name in 2009 when he was first encountered in the United States but didn't remember the name he gave. When asked how he arrived in the United States most recently, ARGUETA-DEL VALLE responded in sum and substance, "illegally, by walking."

10. During processing, officers collected ARGUETA-DEL VALLE's fingerprints and took a booking photograph. ARGUETA-DEL VALLE fingerprints and photo were queried in the FBI's Integrated Automated Fingerprint Identification System (IAFIS), which is a law enforcement database of collected fingerprints. According to the database query, ARGUETA-DEL VALLE's fingerprints that were collected in the 2025 encounter returned a positive biometric match with the fingerprints taken during the 2010 and 2019 encounters described above.

11. Based on an immigration record checks, ARGUETA-DEL VALLE has no valid immigration status in the United States. There is no evidence that ARGUETA-DEL VALLE obtained the express consent of the Attorney General of the United States, or his successor, the Secretary of Homeland Security, to lawfully re-enter the United States. ARGUETA-DEL VALLE has not petitioned for any relief or attempted to gain lawful status in the United States.

## CONCLUSION

12. Based upon the foregoing information, I respectfully submit there is probable cause to believe the defendant, Cesar Onelio ARGUETA-DEL VALLE, aka "Arbey De Jesus Luna-Lopez," has violated Title 8 United States Code, Section 1326(a) and (b)(1), having improperly reentered and having been found in the United States subsequent to a prior order of removal, without having previously obtained permission to reenter from the necessary authorities, and

that removal being subsequent to a felony conviction, namely a prior violation of Title 8, United States Code, Section 1326. Your affiant requests that a criminal complaint be issued pursuant to this violation of federal law.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

Michael G. Donnell
Deportation Officer
Immigration and Customs Enforcement

I, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on February 13 2025, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Thérèse Wiley Dancks
U.S. Magistrate Judge