IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    5:25-MJ-00037 |
| | ) |                5:25-CR-00092 |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CESAR ONELIO ARGUETA-DEL VALLE,** | ) | |
|   **aka "Arbey De Jesus Luna-Lopez,"** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>UNITED STATES' SENTENCING MEMORANDUM</u>

The defendant, after having been removed from the United States twice before, committed the crime of illegal reentry. The defendant has requested an expedited sentencing to occur promptly after his scheduled change of plea hearing, currently set for April 1, 2025. Because of that request, there is no presentence report. The government therefore submits this memorandum to outline its position on the U.S. Sentencing Guidelines calculations and sentencing factors.

For the reasons discussed below, the government respectfully recommends that the Court impose a sentence within the defendant's guidelines range.

## I.    FACTUAL BACKGROUND[1]

On February 1, 2025, ICE deportation officers found the defendant on a dairy farm in Adams, New York, where he was employed. The defendant is a citizen and native of Guatemala and holds no legal status to be in the United States. Nor did he receive permission from immigration authorities to enter or apply for reentry.

---

[1] Because there is no presentence report, the facts come from the criminal complaint and investigative files.

This was the defendant's third time being found in the country illegally, and the second time facing criminal charges for that conduct. In April 2010, the defendant was encountered by US Border Patrol in Arizona attempting to enter. The defendant told USBP that his name was Arbey De Jesus Luna-Lopez and acknowledged that he was a citizen of Guatemala who had received no authority to be in the United States. He was removed from the United States about one week later.

The defendant entered the United States again 9 years later near Hidalgo, Texas. This time, he was charged with one count of illegal reentry in the U.S. District Court for the Southern District of Texas. The court sentenced him to a time-served sentence of 59 days following his guilty plea. He was subsequently removed from the United States for the second time. He returned once again, leading to the instant charges.

## II.    APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

### A.  Statutory Penalties

The defendant faces a maximum of 10 years' imprisonment, pursuant to 8 U.S.C. § 1326(b)(1); a maximum fine of $250,000, pursuant to 18 U.S.C. § 3571, a term of supervised release of up to 3 years, pursuant to 18 U.S.C. § 3583, and a $100 special assessment.

### B.  Guidelines Calculation

The base offense level is 8, pursuant to U.S.S.G. §2L1.2(a). The offense level is increased by 4 levels pursuant to U.S.S.G. §2L1.2(b)(1)(A) because the defendant committed the instant offense after sustaining a conviction for a felony that is an illegal reentry offense. If the defendant accepts responsibility for the offense by pleading guilty as anticipated, he will receive a 2-level reduction pursuant to U.S.S.G. §3E1.1(a), which would yield a total offense level of 10.

*Criminal History*

The defendant has one prior felony conviction. In 2019, he was sentenced to 59 days' time served following his conviction for illegal reentry of an alien, in violation of 8 U.S.C. § 1326(a), in U.S. District Court for the Southern District of Texas. He receives 1 criminal history point for this prior sentence, pursuant to U.S.S.G. §4A1.1(c). This results in a criminal history category I.

*Guidelines Range*

An offense level of 10 and a criminal history category I result in an advisory guidelines range of 6 to 12 months' imprisonment.

## III.    SENTENCING RECOMMENDATION

The government respectfully recommends that the Court impose a sentence within the guidelines range. This is the third time that the defendant has been found in the United States illegally (using two different names), and will be the second felony conviction for that same conduct. The prior sentence of 59 days was insufficient to deter him from committing the same offense.[2] A more substantial sentence is therefore warranted here to promote respect for the law, provide just punishment, and provide adequate deterrence.

---

[2] Had the defendant's prior sentence been only 1 day longer, his current criminal history score would be 2, and his criminal history category would be II, resulting in a higher guidelines range of 8 to 14 months.

## IV.    CONCLUSION

For the reasons set forth above, the government respectfully recommends that the Court impose a term of imprisonment at the high end of the defendant's guidelines range.


Date: March 31, 2025                    Respectfully submitted,

                                        JOHN A. SARCONE III
                                        United States Attorney

                            By:    */s/ Matthew J. McCrobie*
                                        Matthew J. McCrobie
                                        Assistant United States Attorney
                                        Bar Roll No. 702739